IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| NOURELDIN ABDALLA, Petitioner, vs. UNITED STATES OF AMERICA, by and through Alejandro Mayorkas, Secretary of Homeland Security; and MICHAEL MYERS, Director of Douglas County Department of Corrections; Respondents. | 8:21CV382 MEMORANDUM AND ORDER |

This matter is before me on Respondents' Motions for Summary Judgment. (Filings 4 & 8.) Respondents filed Designations of Records (filings 5 & 9) and supporting briefs (filings 6 & 10). Petitioner Noureldin Abdalla did not file a brief in opposition to Respondents' Motions for Summary Judgment, and this matter is, thus, fully submitted for decision. (*See* Filing 11.)[1] Respondents contend that summary judgment is appropriate because Petitioner has been released from custody and his habeas petition (filing 1) is, thus, moot. I agree and will dismiss the petition without prejudice.

### I. FACTS

1. Petitioner was born in Iraq. He is a citizen of Sudan. (Filing 9-1, Doeden Decl. at CM/ECF p. 2, ¶ 8 & Attch. A at CM/ECF p. 8.)

---

[1] Petitioner also failed to update his address with the court as he was ordered to do. (Filing 11.)

2.     On or about June 10, 2010, Petitioner entered the United States at the New York, New York Port of Entry as a refugee. (Filing 9-1, Doeden Decl. at CM/ECF p. 2, ¶ 9 & Attach. A at CM/ECF p. 8.)

3.     On October 13, 2019, United States Immigration and Customs Enforcement ("ICE"), Enforcement and Removal Operations ("ERO") arrested Petitioner and took custody of him. (Filing 9-1, Doeden Decl. at CM/ECF p. 2, ¶ 10.)

4.     On October 15, 2019, ICE/ERO placed Petitioner into removal proceedings and charged him with being subject to removal from the United States under section 237 the Immigration and Nationality Act, as amended ("INA"). (Filing 9-1, Doeden Decl. at CM/ECF p. 2, ¶ 11 & Attach. A at CM/ECF p. 8.)

5.     On February 7, 2020, the Immigration Judge issued a written decision in the case. The Immigration Judge ordered Petitioner removed to either Sudan or Iraq. The Immigration Judge denied Petitioner's application for asylum, his application for withholding or deferral of removal under Article III of the Convention Against Torture ("CAT"), and his application for cancellation of removal under section 240A of the INA. (Filing 9-1, Doeden Decl. at CM/ECF p. 3, ¶ 12 & Attach. B at CM/ECF p. 9.)

6.     On March 2, 2020,[2] Petitioner filed an appeal of the Immigration Judge's order to the Board of Immigration Appeals ("BIA"). (Filing 9-1, Doeden Decl. at CM/ECF p. 3, ¶ 13.)

7.     On November 25, 2020, the BIA dismissed Petitioner's appeal and issued a written decision. The Immigration Judge's decision became a final order

---

[2] The court has corrected a typo in paragraph 13 of Mr. Doeden's Declaration which incorrectly states Petitioner filed his appeal on "March 2, 2000." (Filing 9-1, Doeden Decl. at CM/ECF p. 3, ¶ 13.) Petitioner's appeal of the Immigration Judge's decision was due by March 9, 2020. (Filing 9-1, Attach. B at CM/ECF p. 9.)

of removal as of November 25, 2020. (Filing 9-1, Doeden Decl. at CM/ECF p. 3, ¶¶ 14-15 & Attch. C at CM/ECF pp. 24–27.)

8. Petitioner did not file a further appeal of the BIA decision to the Eighth Circuit. (Filing 9-1, Doeden Decl. at CM/ECF p. 3, ¶ 15).

9. On November 19, 2021, ICE/ERO prepared an ICE Order of Supervision for Petitioner. (Filing 9-1, Attch. D at CM/ECF pp. 28–32.) ICE/ERO served Petitioner with a copy of Release Notification, the ICE Order of Supervision, and the Warning for Failure to Comply with Terms of Supervised Release. Petitioner signed the Order of Supervision. (Filing 9-1, Doeden Decl. at CM/ECF p. 3, ¶ 16 & Attch. D at CM/ECF p. 28.)

10. On November 19, 2021, Petitioner was released from ICE custody. He provided an address where he would reside upon his release. (Filing 9-1, Doeden Decl. at CM/ECF p. 3, ¶ 17 & Attch. D at CM/ECF p. 29.)

11. Petitioner is required to comply with conditions in the ICE Order of Supervision. He will be supervised by the ICE office in Sioux Falls, South Dakota. (Filing 9-1, Doeden Decl. at CM/ECF p. 4, ¶ 18 & Attch. D at CM/ECF pp. 28–32.)

12. The Order of Supervision requires Petitioner to assist ICE/ERO in obtaining any necessary travel documents, appear for identification and for removal, upon request to appear for medical or psychiatric examination, upon request to provide information about his activities, to not travel outside of South Dakota and Nebraska without advance approval from ICE/ERO, and to provide ICE/ERO with up-to-date address and employment information. (Filing 9-1, Attch. D at CM/ECF p. 28.) Further, Petitioner must not commit any crimes, associate with known gang members, and he must provide ICE/ERO with documentation to use to obtain a travel document. (*Id.* at CM/ECF p. 30.)

13. At the time of Petitioner's release, he had an outstanding warrant with the Minnehaha County Sheriff in South Dakota. Petitioner was taken into custody by the Omaha Police Department on the South Dakota warrant. (Filing 9-1, Doeden Decl. at CM/ECF p. 4, ¶ 19.)

14. Petitioner was incarcerated within the Douglas County Correction Center ("DCCC") until Wednesday, December 1, 2021, when he was discharged into the custody of the Minnehaha County (South Dakota) Sheriff's Office after voluntarily waiving extradition to South Dakota to face criminal charges there. (Filing 5-1, Myers' Decl. at CM/ECF p. 1, ¶ 5; Filing 5-2, Altic Decl. at CM/ECF p. 2, ¶ 6(d), (3) & Ex. A at CM/ECF p. 3.)

15. Petitioner has not been re-admitted into the custody of the Douglas County Department of Corrections ("DCDC") since December 1, 2021, and there is no indication he will be returned to the DCCC. (Filing 5-1, Myers' Decl. at CM/ECF p. 2, ¶¶ 6–7; Filing 5-2, Altic Decl. at CM/ECF p. 2, ¶ 7.)

## II. ANALYSIS

In his habeas petition, Petitioner sought release from ICE detention asserting that his almost three years of detention was unlawful because "DHS/ICE is doing nothing to obtain a travel documents [sic] from my embassy for my departure or removal" to Iraq or Sudan. (Filing 1 at CM/ECF pp. 6–7, 9.) Upon initial review, the court framed Petitioner's claim as follows:

> Petitioner has been and is being indefinitely confined in violation of the laws of the United States because the Department of Homeland Security Immigration and Customs Enforcement has not obtained, and cannot obtain, Petitioner's travel documents for his removal.

(Filing 3.) The undisputed facts show that Petitioner has been released and is no longer in ICE custody or the custody of the DCDC. Thus, Respondents contend that the petition is moot and must be dismissed. Respondents are correct.

As the Eighth Circuit Court of Appeals has explained,

> "Article III of the United States Constitution limits the jurisdiction of the federal courts to actual, ongoing cases and controversies." *Haden v. Pelofsky*, 212 F.3d 466, 469 (8th Cir.2000); *see* U.S. Const. art. III, § 2, cl. 1. "When, during the course of litigation, the issues presented in a case 'lose their life because of the passage of time or a change in circumstances . . . and a federal court can no longer grant effective relief,' the case is considered moot." *Id.* (quoting *Beck v. Mo. State High Sch. Activities Ass'n*, 18 F.3d 604, 605 (8th Cir.1994) (alteration in original)); *see also Spencer v. Kemna*, 523 U.S. 1, 7, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998) (stating an action becomes moot where it "no longer present[s] a case or controversy under Article III"). If an issue is moot in the Article III sense, we have no discretion and must dismiss the action for lack of jurisdiction. *See Powell v. McCormack*, 395 U.S. 486, 496 n. 7, 89 S.Ct. 1944, 23 L.Ed.2d 491 (1969).

*Ali v. Cangemi*, 419 F.3d 722, 723–24 (8th Cir. 2005).

The "case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate. The parties must continue to have a personal stake in the outcome of the lawsuit" in order to avoid Article III mootness. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (cleaned up). "Where an immigration detainee is released during the pendency of habeas proceedings, it is often the case that granting the habeas corpus petition would leave the petitioner 'in *precisely* the situation in which he already finds himself. Absolutely nothing would change. This is the very definition of mootness.'" *Mohamed v. Sessions*, No. CV 16-3828 (SRN/BRT), 2017 WL 4417706, at *3 (D. Minn. Sept. 14, 2017), *report and recommendation adopted*, No. CV 16-3828 (SRN/BRT), 2017 WL 4410765 (D. Minn. Oct. 3, 2017) (quoting *Kargbo v. Brott*, No. 15–CV–2713 (PJS/LIB), 2016 WL 3676162, at *2 (D. Minn. July 6, 2016) (emphasis in original)).

Here, Petitioner is subject to a final order of removal and filed his petition seeking release from ICE custody because ICE/ERO could not effectuate his removal from the United States. Once Petitioner was released on November 19, 2021, however, this court could no longer provide Petitioner the relief he sought in his petition, and this case was rendered moot. *See Zongo v. Garland*, No. 21-CV-676 (PAM/HB), 2021 WL 6427700, at * 3  (D. Minn. Dec. 16, 2021), *report and recommendation adopted sub nom. Zongo v. Mayorkas*, No. CV 21-676 (PAM/HB), 2022 WL 119017 (D. Minn. Jan. 12, 2022) ("[Petitioner's] release from ICE custody under an order of supervision mooted his challenge to the legality of his prior detention because even if the Court concluded that his request for relief was meritorious, the Court cannot offer any further relief."); *see also Ali*, 419 F.3d at 724 (collecting cases where petitioner's release from detention under an order of supervision rendered a habeas petition moot).

The court also concludes that none of the exceptions to mootness apply in the present case. Exceptions to mootness apply where (1) collateral consequences persist despite resolution of the primary injury; (2) the issue is deemed a wrong capable of repetition yet evading review; (3) the defendant voluntarily ceases an allegedly illegal practice but is free to resume it at any time; or (4) it is a properly certified class action suit. *See Zongo*, 2021 WL 6427700, at *3, *Mohamed*, 2017 WL 4417706, at *4. The fourth exception clearly does not apply here.

The first exception applies where a petitioner challenging his original criminal conviction is released, or his sentence expired, but the petitioner still suffers from the "collateral consequences" of that conviction. *See Spencer*, 523 U.S. at 7–8. The conditions of supervision imposed upon Petitioner in his Order of Supervision are not collateral consequences that prevent this case from becoming moot. *See Zongo*, 2021 WL 6427700, at *3. That Petitioner is subject to release conditions and faces the possibility of being taken back into ICE custody if circumstances change whereby Petitioner's removal becomes likely in the reasonably foreseeable future is not a consequence of his previous detention, but a consequence of the removal order, which Petitioner cannot challenge here. *Kargbo*,

6

2016 WL 3676162, at *2. *See also Toua T. v. Nielsen*, No. CV 18-3088 (SRN/BRT), 2019 WL 1242698, at *1 (D. Minn. Jan. 3, 2019), *report and recommendation adopted*, No. CV 18-3088 (SRN/BRT), 2019 WL 1239713 (D. Minn. Jan. 23, 2019); *Lesum v. Sessions*, No. CV 18-1340 (JRT/BRT), 2018 WL 5303878, at *1 (D. Minn. Oct. 5, 2018), *report and recommendation adopted*, No. CV 18-1340 (JRT/BRT), 2018 WL 5303042 (D. Minn. Oct. 25, 2018); *Mohamed*, 2017 WL 4417706, at *4.

Under the capable-of-repetition exception, "a court may hear an otherwise moot case when (1) the challenged action is of too short a duration to be fully litigated prior to its cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." *Minnesota Humane Soc'y v. Clark*, 184 F.3d 795, 797 (8th Cir. 1999). The doctrine applies only in "exceptional" circumstances. *Spencer*, 523 U.S. at 17 (cleaned up). There is nothing in the record to suggest Petitioner will be subject to the same detention, on the same grounds, as the detention challenged in the habeas petition. If Petitioner is detained by ICE again for either violating his conditions of supervision or because ICE finds that circumstances have changed and his removal becomes likely in the reasonably foreseeable future, then "the new detention will not be a 'repeat' of . . . the detention[] that [Petitioner] challenged in his habeas petition[]; it will be a different type of detention that will be based on a different justification." *Kargbo*, 2016 WL 3676162, at *2; *see also Mohamed*, 2017 WL 4417706, at *5. Thus, the second exception to mootness does not apply.

Finally, the voluntary-cessation exception does not apply because "this is not a case in which the government voluntarily ceased allegedly unlawful conduct but is free to restart such conduct at whim." *Kargbo*, 2016 WL 3676162, at *2 (citing *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013)). For the exception to apply, "it must be clear that the respondents released Petitioner in order to deprive this Court of jurisdiction." *Zongo*, 2021 WL 6427700, at *3. Though Petitioner was released on November 19, 2021, after he filed his habeas petition, there is no indication that Respondents were aware of Petitioner's filing of his habeas petition until the court

conducted its initial review on January 19, 2022, updated the caption to name Respondents as the proper respondents, and ordered Respondents to respond to the petition. (Filing 3.) The court, therefore, finds that this exception does not apply.

In summary, Petitioner's detention with ICE has ended, and the court cannot grant Petitioner any relief that he has not already received. Petitioner's habeas petition has been rendered moot, and no exception to mootness applies. Accordingly, the court will deny the petition and dismiss this matter without prejudice for lack of jurisdiction.[3]

IT IS THEREFORE ORDERED that:

1. Respondents' Motions for Summary Judgment (filings 4 & 8) are granted.

2. The petition for writ of habeas corpus (filing 1) is denied and dismissed without prejudice for lack of jurisdiction.

3. A separate judgment will be entered.

4. The clerk of the court is directed to send a copy of this Memorandum and Order and the accompanying Judgment to Petitioner at his last known address and at the following address: 2400 S. Sycamore Avenue, Apartment # 25, Sioux Falls, South Dakota 57110.

---

[3] The certificate of appealability requirement of the Antiterrorism and Effective Death Penalty Act is not applicable to a federal prisoner filing a petition under 28 U.S.C. § 2241. *Mendez v. Mayorkas*, No. 421CV00061CRWHCA, 2021 WL 6618706, at *4 (S.D. Iowa June 28, 2021) (citing *Langella v. Anderson*, 612 F.3d 938, 939 n. 2 (8th Cir 2010); *Murphy v. United States*, 199 F.3d 599, 601 n.2 (2d Cir. 1999)).

Dated this 21st day of April, 2022.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge